**Alice NELSON, Plaintiff,**

v.

**NATIONWIDE MORTGAGE CORP., et al., Defendants.**

**Civ. A. No. 84–54 SSH.**

United States District Court, District of Columbia.

Feb. 21, 1991.

---

Leonard L. McCants and Tilman L. Gerald, Silver Spring, Md., for plaintiff.

Robert Reklaitis, Theodore A. Howard and Robert Fletcher, Washington, D.C., for J. Michael Slocum.

James Bruce Davis, Bean, Kinney, Korman & Moore, Arlington, Va., for Family Federal Sav. & Loan Ass'n.

## MEMORANDUM ORDER

STANLEY S. HARRIS, District Judge.

This matter is before the Court on defendant J. Michael Slocum's motion for partial summary judgment, defendant Family Federal Savings & Loan Association's motion for partial summary judgment, and plaintiff's motion to strike Family Federal's motion.

The facts of the case are set forth in detail in the Court's April 16, 1987, Memorandum Opinion, 659 F.Supp. 611, and will not be repeated here. Defendants now seek summary judgment as to the fourth claim of plaintiff's amended complaint, which alleges violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C.A. §§ 1961–1968. Defendant Slocum contends that plaintiff has failed to allege any predicate acts by Slocum which could comprise a pattern of racketeering activity, as required under RICO. He furthermore argues that because neither of the loans plaintiff obtained from defendant Nationwide Mortgage Corporation was in violation of state or federal usury laws, he cannot be liable for collection of unlawful debts, as prohibited by RICO. Finally, Slocum argues that plaintiff has failed to allege a RICO enterprise separate from the pattern of racketeering activity she alleges, thus rendering her RICO allegations inadequate as a matter of law. Defendant Family Federal joins in Slocum's motion as it pertains to the failure to allege a separate RICO enterprise.

To sustain her RICO claims, plaintiff must prove a pattern of racketeering activity or collection of an unlawful debt. See id. at § 1962(a)–(d). A pattern of racketeering activity requires at least two acts of racketeering activity. Id. at § 1961(5). In her amended complaint, plaintiff alleges violations of the federal wire fraud and mail fraud statutes, id. at §§ 1341, 1343, which, if proven, would constitute predicate

acts under RICO. However, to successfully make out a case based on allegations of fraud, a plaintiff must meet the particularity requirements of Federal Rule of Civil Procedure 9(b). *See Silverman v. Weil,* 662 F.Supp. 1195, 1201 (D.D.C.1987), *aff'd,* 839 F.2d 824 (D.C.Cir.1988). The Rule states, in relevant part, that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." That is, "[g]enerally, 'the complaint must state the time, place, and content of the false misrepresentations, the fact misrepresented and what was obtained or given up as a consequence of the fraud.'" *Silverman,* 662 F.Supp. at 1200 (quoting *Seligson v. Plum Tree, Inc.,* 361 F.Supp. 748, 756 (E.D.Pa. 1973)).

■ Defendant Slocum correctly argues that plaintiff has failed to allege specific instances of mail or wire fraud with respect to him. Thus, in order to avoid the entry of summary judgment as to Slocum, plaintiff must have properly alleged collection of an unlawful debt. Under RICO,

"unlawful debt" means a debt (A) ... which is unenforceable under State or Federal law in whole or in part as to principal or interest because of the laws relating to usury, and (B) which was incurred in connection with ... the business of lending money or a thing of value at a rate usurious under State or Federal law, where the usurious rate is at least twice the enforceable rate.

18 U.S.C. § 1961(6). However, loans made to a person for a business or investment purpose are not subject to the laws of usury upon which plaintiff apparently relies. *See* Truth in Lending Act, § 102 *et seq.,* 15 U.S.C.A. §§ 1602(h), 1603; Va.Code Ann. § 6.1–330.75 A. Slocum contends that the loans plaintiff obtained from Nationwide were business loans. In support of his argument, he references several portions of the record.

In her opposition, plaintiff argues that whether the loans were consumer loans or loans with a business purpose is an issue of material fact as to which there is a genuine dispute. Plaintiff does not, however, provide adequate support for her argument. Under Federal Rule of Civil Procedure 56(e),

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Because plaintiff has failed to go beyond the allegations of her pleading as to the issue of collection of an unlawful debt, and because she has failed to properly allege mail or wire fraud, summary judgment in favor of defendant Slocum is appropriate with respect to plaintiff's RICO claim.

■ Because defendant Family Federal has joined in Slocum's motion with respect to his final argument, the Court must address the argument. It is well-settled that a RICO plaintiff must prove the existence of an enterprise which is separate and apart from the pattern of racketeering in which it engages. *United States v. Turkette,* 452 U.S. 576, 583, 101 S.Ct. 2524, 2528–29, 69 L.Ed.2d 246 (1981). Defendants argue that plaintiff has failed to allege a separate enterprise. However, our Court of Appeals has refused to follow "[t]hose courts imposing a strict separateness requirement." *United States v. Perholtz,* 842 F.2d 343, 363 (D.C.Cir.), *cert. denied,* 488 U.S. 821, 109 S.Ct. 65, 102 L.Ed.2d 42 (1988). Applying *Perholtz* to the facts of this case, the Court finds that defendant Family Federal's motion for summary judgment must be denied.[1]

Accordingly, it hereby is

ORDERED, that defendant Slocum's motion for partial summary judgment as to

---

1. The Court's denial of Family Federal's motion for partial summary judgment renders plaintiff's motion to strike Family Federal's motion essentially moot.

**750**

plaintiff's RICO claim is granted. It hereby further is

ORDERED, that defendant Family Federal's motion for partial summary judgment is denied. It hereby further is

ORDERED, that plaintiff's motion to strike is denied. It hereby further is

ORDERED, that a status call will be held on March 27, 1991, at 9:45 a.m., in Courtroom 14.

SO ORDERED.

